DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

JUNE TERM, 1865

---

### JOSEPH J. THOMPSON AND JOHN PETTY v. JOHN V. CONOVER.

The plaintiff below, Conover, in March, 1861, sold to Cornelius Petty his crop of corn of about six hundred bushels—the white corn at sixty-five cents, and the yellow at sixty-three cents per bushel, to be shelled by the vendor, and delivered by him at the mill of the vendee, and to be paid for when it was all delivered. On the fifteenth March, the vendor delivered two hundred and seventy bushels of white corn, which was charged in his book of that date. Same day a judgment was entered and execution issued against Cornelius Petty, the vendee, and on the.sixteenth the sheriff levied on the property of the vendee, including the corn thus delivered, and closed the mill. On the eighteenth, the balance of the corn was shelled, and the vendor sent sixty-eight bushels to the mill, which the vendee declined to accept. On the twenty-eighth, the corn in the mill was sold by the sheriff as the property of the vendee, and thereupon the vendor rescinded the contract, and brought this action of trover and conversion against the sheriff and the plaintiff in execution for the corn delivered on the fifteenth March. *Held*—

1. That the contract must be regarded as an entirety, which the vendor had a right to rescind upon the failure of the vendee to receive the entire crop.

466

2. That the vendor, on rescinding the contract, had no right to recover back the corn which had been delivered to the vendee prior to the levy of the sheriff. The corn delivered became the property of the vendee at the time of the delivery, and subject to be levied on and sold as such.

3. Where the vendor has performed everything that is required of him as to a portion of the things sold, but some things still remain to be done as to the rest, the portion in regard to which the vendor has performed all his duty becomes the property of the vendee, but the portion in respect to which something is yet to be done, still belongs to the vendor.

Error to the Supreme Court.

For the facts of the case, and the opinion of the Supreme Court, see 1 *Vroom* 329.

The case was argued at the last term, by *Bedle*, for the plaintiff in error, and *McLean* and *Richey*, for the defendant, and having been held over for advisement, the opinion of the court, reversing the judgment below, was now, at this term, read by

GREEN, C. Conover, the plaintiff below, in March, 1861, sold to Cornelius Petty his crop of corn, consisting of about six hundred bushels—the white corn at sixty-five cents a bushel, and the yellow at sixty-three cents. At the time of the sale the corn was unshelled. It was to be shelled by the vendor, to be delivered by him at the mill of the vendee, and to be paid for when it was all delivered. On the fifteenth of March, the vendor delivered two hundred and seventy-two bushels of white corn, which was charged in his book at that date.

On the same day, a judgment by confession was entered, and an execution issued against Cornelius Petty, the vendee, by virtue of which, on the sixteenth of March, the sheriff levied upon the property of the vendee, including the corn delivered by Conover the day before, and closed the mill. On the eighteenth of March, the balance of the corn was shelled and ready for delivery. Conover sent sixty-eight

bushels to the mill, which the vendee declined to accept, saying he did not take any more corn, and told the teamsters to go home with it. On the twenty-eighth of March, the corn in the mill was sold by the sheriff, by virtue of his levy. The vendor thereupon rescinded the contract for the sale of the corn, and brought an action of trover and conversion against the sheriff and the plaintiff in execution, for the corn delivered on the fifteenth of March.

To maintain his action, the plaintiff must show that the corn, which was delivered on the fifteenth of March, still remained the property of the vendor, and was, consequently, not subject to the levy of the execution. Was it his property, or had the title passed to the vendee?

The decision of this question involves two inquiries:

1. Was the contract an entirety?

2. If it was, and the vendor had a right to rescind, did the rescinding of the contract leave the title to the property which had been delivered, in the vendor?

The contract partakes of the character both of an entire and of a severable contract. For although the subject of the contract consists of several entire things, to which certain values are affixed, so that the several value of each may be ascertained, yet the terms of the contract indicate that neither party contemplated the vendee's taking part without taking the whole of the articles contracted for. The prices of the two kinds of corn were fixed, so that the value of the corn delivered could be readily ascertained. Yet the contract was for the sale of the whole crop. And although the charging of the corn delivered by Conover in his book of account, on the day of its delivery, and before the delivery of the entire crop, may tend to throw some doubts upon this view of the contract, yet the contract must be regarded upon the evidence as an entirety, which the vendor had a right to rescind, upon the failure of the vendee to receive the entire crop. So the vendor had a right, upon the failure or disability of the vendee, by reason of the levy, to pay for the corn on delivery of the entire crop

to rescind the contract and to refuse to deliver the balance of the corn, whether the vendee was willing to accept it or not. But the question still remains, had the vendor a right, upon the rescinding of the contract, to recover back the corn which had been delivered to the vendee, and been levied upon by the sheriff.

I understand the law to be well settled, that when the vendor has performed everything that is required of him as to a portion of the things sold, but something still remains to be done as to the rest, the portion in regard to which the vendor has performed all his duty, becomes the property of the vendee, but the portion in respect to which something is yet to be done, still belongs to the vendor, and it makes no difference as to the operation of this rule, whether the contract is an entirety or not. *Story on Sales* 299, and cases cited in *note* 1.

The corn which was shelled and delivered by the vendor at the mill of the vendee, on the fifteenth of March, passed to the vendee at that time. If it had been destroyed by fire, it would have been his loss, not the loss of the *vendor*. There was no express stipulation in the contract, that the title should not pass till the whole crop was delivered and paid for. It was the ordinary case of a sale and delivery of goods, to be paid for when all was delivered or on short credit. If the vendor had intended that the property should not pass until the purchase money was paid, he should so have stipulated.

But the corn having been delivered without any condition of this character, a *bona fide* purchaser or execution creditor of the vendee may hold the property against the claim of the vendor. The vendor might have delivered all his crop on the same day, and demanded immediate payment, and upon its being refused, might have reclaimed the corn. This would have brought the case directly within the doctrine of *Palmer* v. *Hand,* 13 *Johns. R.* 434.

But the vendor chose to give credit for the purchase money till the entire crop was delivered, relying on the

solvency and good faith of the vendee. He suffered the title to pass without the payment of the price, and has thus become a sufferer.

I am of opinion that the plaintiff had no property in the goods, at the time of the levy or sale under the execution, which will enable him to maintain an action against the plaintiff in execution for the recovery of the goods.

The judgment must be reversed.

*For reversal*—CLEMENT, CORNELISON, ELMER, FORT, GREEN, C., KENNEDY, VAN DYKE, VAIL.    8.

*For affirmance*—None.

CITED in *Hires* v. *Hurff*, 10 *Vroom* 10.